TO BE PUBLISHED

# Supreme Court of Kentucky

2015-SC-000694-KB

FINAL

DATE 3-1-16 $\mathcal{E}_{uu}A G_{r}au_{u}$ D.C.

KENTUCKY BAR ASSOCIATION                                                                 MOVANT

V.                                     IN SUPREME COURT

JEANETTE MARI CONRAD                                                RESPONDENT

## OPINION AND ORDER

On September 21, 2015, the Supreme Court of Illinois suspended Jeanette Mari Conrad for six months.[1] Thereafter, the KBA filed a petition with this Court asking that we impose reciprocal discipline pursuant to SCR 3.435(4). We ordered Conrad to show cause why we should not impose such discipline and she did not respond. Because Conrad failed to show cause as to why we should not impose reciprocal discipline, this Court hereby suspends her from the practice of law for six months, as consistent with the order of the Illinois Supreme Court.

---

[1] Conrad was admitted to the practice of law in the Commonwealth of Kentucky on October 7, 2003. Her bar roster address is 111 Erie Street, Unit 1, Oak Park, Illinois, 60302, and her KBA number is 89748.

# I. BACKGROUND

Conrad registered for a non-practice exemption from the KBA's continuing legal education requirements in 2009 and was never admitted to the practice of law in Illinois.[2] In spite of this, she represented individuals in five matters in Illinois, either identifying herself as an attorney or failing to correct others when they described her as such. As a result, she was charged with violating several Illinois Rules of Professional Conduct (RCP). She did not respond to the charges, leading to yet another ethical violation.

Specifically, Conrad was charged with violating Illinois's equivalent of Kentucky's SCR 1.130(5.5(a)) for engaging in the unauthorized practice of law.[3] She was also charged with violating Illinois's version of our SCR 1.130(8.4(c)) for engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. Furthermore, Conrad was charged under Illinois RCP 8.4(d)—for which Kentucky has no counterpart. That Illinois rule prohibits attorneys from engaging in conduct prejudicial to the administration of justice. Finally, due to her knowing failure to respond to a lawful demand by a disciplinary authority, Conrad was charged with violating Illinois's equivalent of our SCR 3.130(8.1(b)).

---

[2] As a side note, a perusal of the KBA website indicated that Conrad is currently suspended for non-payment of bar dues.

[3] Unless otherwise noted, our Supreme Court Rules are either identical or largely so to Illinois's RCP.

## II. ANALYSIS

If an attorney licensed to practice law in this Commonwealth receives discipline in another jurisdiction, SCR 3.435(4) generally requires this Court to impose identical discipline. Furthermore, SCR 3.435(4)(c) requires this Court to recognize that "[i]n all other respects" a final adjudication of misconduct in another jurisdiction establishes conclusively the same misconduct for purposes of a disciplinary proceeding in Kentucky. Pursuant to SCR 3.435(4), we impose reciprocal discipline as Conrad failed to prove "by substantial evidence: (a) a lack of jurisdiction or fraud in the [Illinois] disciplinary proceeding, or (b) that misconduct established warrants substantially different discipline in this State."

## III. ORDER

Having failed to show sufficient cause, it is hereby ORDERED as follows:

1. Conrad is hereby suspended from the practice of law in Kentucky for a period of six months, effective immediately from the date of entry of this Order.

2. Pursuant to SCR 3.450, Conrad is directed to pay the costs associated with this proceeding, if any, for which execution may issue from this Court upon finality of this Opinion and Order.

3. Pursuant to SCR 3.390, Conrad shall, within ten days from the entry of this Opinion and Order, notify all Kentucky clients, in writing, of her inability to represent them; notify, in writing, all Kentucky courts in which she has matters pending of her

3

suspension from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel of the KBA. Furthermore, to the extent possible, Conrad shall immediately cancel and cease any advertising activities in which she is engaged.

All sitting. All concur.

ENTERED: February 18, 2016.

CHIEF JUSTICE

4